UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REINALDO RIGOBERTO ROBINSON-DUNCAN,

v.  Case No. 8:06-cr-55-T-17TGW
 8:08-cv-1769-T-17TGW

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant Robinson-Duncan's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-226).

On May 31, 2006, Robinson-Duncan pled guilty pursuant to a written plea agreement to Count One of the Indictment charging him with conspiracy to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903 (a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii). Docs. cr-65 (plea agreement); cr-73; cr-174 (transcript). Robinson-Duncan's guilty plea was later accepted by this Court, and he was adjudicated guilty. Doc. cr-95.

In his plea agreement, Robinson-Duncan expressly waived his right to appeal his sentence or:

> . . . to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined

> by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

Doc. cr-65 at 10-11.

On November 30, 2006, this Court sentenced Robinson-Duncan to a 135-month term of incarceration, to be followed by a 60-month term of supervised release. Docs. cr-148 (judgment); cr-183 (transcript). Robinson-Duncan directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 06-16415-JJ.[1] However, the Eleventh Circuit later granted the government's motion and dismissed Robinson-Duncan's appeal due to a valid appeal waiver contained in his plea agreement, noting the issues raised did not fall within the exceptions to the waiver. Doc. cr-211.

On September 5, 2008, Robinson-Duncan timely filed a section 2255 motion challenging the validity of his guilty plea and claiming the Court erred at sentencing. He attributes both claims to ineffective assistance of counsel. Doc. cv-1 at 4.

## GUILTY PLEA WAIVER

Robinson-Duncan now raises claims of ineffective assistance of counsel claiming his plea was not made knowingly and the Court erred at sentencing. This Court is required to dismiss a section 2255 motion, without requiring the United States to file an answer, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior

---

[1] The government filed Robinson-Duncan's appellate brief and the government's motion for dismissal as Attachments 1 and 2, respectively to Doc. No. 5.

proceedings that the moving party is not entitled to relief[.]" Rule 4(b), Rules Governing 3 of 16 4 Section 2255 Proceedings for the United States District Courts. Moreover, if it is clear from the plea agreement and the Rule 11 colloquy that Robinson-Duncan knowingly and voluntarily waived his right to collaterally attack his sentence, "that waiver should be enforced without requiring the government to brief the merits of the section 2255 motion." *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997) (addressing appeal waiver).

The right to collaterally challenge a sentence is statutory and can be waived if done so knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). For this Court to enforce such a waiver, the United States need only demonstrate either (1) that the district court specifically questioned the defendant concerning the waiver during the Fed. R. Crim. P. 11 colloquy or (2) that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (appeal waiver).

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *See Williams*, 396 F.3d at 1342; *United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000). The waiver is enforceable against claims of ineffective assistance of counsel at sentencing, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance,

thus rendering the waiver meaningless." *Williams,* 396 F..3d at 1342; *See also Cockerham*, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); *Mason*, 211 F.3d at 1069 (same). In particular, if the complaint underlying the ineffective assistance claim was waived by a defendant's plea agreement, then the ineffective assistance claim also was waived. *See Williams*, 396 F.3d at 1342 (acknowledging that exceptions in plea agreement to defendant's waiver of appeal did not apply to the claims raised in the petition); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render[ ] meaningless" such plea agreement waivers). For the reasons explained below, the record plainly demonstrates that Robinson-Duncan waived his right to collaterally challenge his sentence.

In this case, Robinson-Duncan expressly waived his right to appeal his sentence directly "or to challenge it collaterally," given the exceptions identified above. Doc. cr-65 at 10-11. At his guilty plea hearing, the Court reviewed the limitations set forth in the appeal waiver in Robinson-Duncan's plea agreement. Doc. cr-72 at 24-25. In summary, the Court stated:

> COURT: I also want to emphasize Paragraph 5. First, I will tell you that even though you are pleading guilty, you have a right to appeal your sentence. But under Paragraph 5 you limit the extent to which you can appeal your sentence. Under Paragraph 5 you can only appeal if the sentence exceeds the guideline range as determined by the Court under the sentencing guidelines, or you could appeal if the sentence exceeds the statutory maximum penalty of life in prison, or you can appeal if the sentence

> violates the Eighth Amendment to the United States Constitution which prohibits excessive fines and cruel and unusual punishment. In particular, what you cannot appeal is the way the Court calculates the sentencing guidelines. Do you understand that?
>
> ROBINSON-DUNCAN: Yes.
>
> COURT: And, furthermore, you cannot come back to this Court at some later time and complain about the calculation either. Do you understand that?
>
> ROBINSON-DUNCAN: Yes.
>
> COURT: Do you have any question about that provision?
>
> ROBINSON-DUNCAN: No.
>
> COURT: And are you agreeing to it freely and voluntarily as part of this plea agreement?
>
> ROBINSON-DUNCAN: Yes.

Doc. cr-174 at 28-29.

The record is clear that Robinson-Duncan knowingly waived his right to appeal his sentence, with few exceptions, either directly or collaterally. Moreover, the Eleventh Circuit recognized the valid waiver when it dismissed Robinson-Duncan's direct appeal. Doc. cr-211. For this Court to entertain the issues that Robinson-Duncan raises in this collateral attack would permit Robinson-Duncan a challenge in contravention of the plain meaning of his plea agreement and deny the United States the benefit for which it bargained. *See Buchanan*, 131 F.3d at 1008; *See also United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) (defendant exchanged his right to appeal for prosecutorial concessions, "he cannot have his cake and eat it too"). Here, Robinson-Duncan knowingly and voluntarily admitted his guilt and agreed not to collaterally attack his sentence. Robinson-Duncan's sentence does not meet any of the exceptions to the waiver.

The record is clear that this Court specifically questioned Robinson-Duncan regarding the waiver and that Robinson-Duncan understood the waiver. Robinson-Duncan should not be permitted to circumvent the unambiguous terms of his plea agreement. dismissed.

## COGNIZABILITY OF CHALLENGES TO A GUILTY PLEA

Robinson-Duncan claims his plea was not made knowingly because his counsel had given him incorrect information. Doc. cv-1 at 4. However, after a conviction based on a guilty plea has become final, such as in Robinson-Duncan's case, a defendant may challenge only the knowing and voluntary nature of the plea, unless the record demonstrates that the district court lacked the power to enter the conviction or impose the sentence. *United States v. Broce*, 488 U.S. 563 (1989); *United States v. Kaiser*, 893 F.2d 1300 (11th Cir. 1990). It is well settled that a "voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *United States v. Patti*, 337 F.3d 1317, 1320 n. 4 (11th Cir. 2003).

Most errors in Fed. R. Crim. P. 11 plea colloquy will not support collateral relief. *United States v. Timmreck*, 441 U.S. 780 (1979); *Holmes v. United States*, 876 F.2d 1545 (failure to advise of mandatory minimum) (11th Cir. 1989); *Lilly v. United States*, 792 F.2d 1541 (11th Cir. 1986) (failure to advise that if court does not accept recommendation as to sentence petitioner will not be entitled to withdraw plea). A defective plea colloquy that would have resulted in vacation of a conviction on direct appeal will not necessarily result in collateral relief; defendant is confronted with a much higher level of scrutiny on a Section 2255 challenge to a guilty plea. *United States v. Patterson*, 739 F.2d 191, 194-95 (5th Cir. 1984).

Robinson-Duncan is barred from raising a challenge to the factual basis of his plea in a 28 U.S.C. § 2255 motion. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir.1992). In the context of a Section 2255 motion, "a defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Id.* This waiver includes constitutional claims. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied,* 498 U.S. 837 (1990). Moreover, guilty pleas foreclose most claims from collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Dermota v. United States*, 895 F.2d 1324, 1326 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990).

Robinson-Duncan claims his counsel told him he would receive a sentence of not more than ten years by pleading guilty. He is also seeking a downward departure of three levels for acceptance of responsibility, claiming he had not fully understood his plea. Doc. cv-1 at 4.

The Court took every precaution to ensure Robinson-Duncan understood the procedure of entering his guilty plea. An interpreter was provided for Robinson-Duncan at his guilty plea hearing because he was not well-versed in English. Doc. cr-174 at 3. The Court methodically reviewed the plea agreement with Robinson-Duncan, closely adhering to Fed. R. Crim. P. 11 colloquy requirements. At the onset of the hearing, the Court inquired of Robinson-Duncan if he had reviewed the plea agreement with his attorney through the use of an interpreter. The Court also asked if Robinson-Duncan's initials at the bottom of each page signified he had reviewed each page and understood the plea

agreement. Robinson-Duncan answered affirmatively. Doc. cr-174 at 6. The Court reminded Robinson-Duncan that if he wanted to stop the proceeding to change his mind, he could reenter his plea of not guilty and the case would proceed to trial. Doc. cr-174 at 15.

The Court then proceeded with reviewing the terms of the plea agreement, including the charge, the elements, the statement of facts, the rights he was relinquishing by entering his guilty plea. Throughout the proceeding, the Court asked Robinson-Duncan after each topic if he understood, to which he agreed he did. Specifically, regarding Robinson-Duncan's potential sentence as set out in Paragraph 2 of the plea agreement, the Court informed Robinson-Duncan that he faced a minimum mandatory sentence of ten years in prison with a maximum term of life. The Court asked Robinson-Duncan if he understood, and Robinson-Duncan said, "Yes." Docs. cr-65 at 1; cr-174 at 19.

Additionally, the Court reviewed the impact of the advisory federal sentencing guidelines. The Court inquired if Robinson-Duncan had had an opportunity to discuss the guidelines with his lawyer. Robinson-Duncan replied that he had. The Court told Robinson-Duncan that if his lawyer had given him an idea of what he thought the guideline range would be, it was only an estimate, that his guidelines range had not yet been calculated by anyone connected with the court. The Court also explained that if the sentence was greater than Robinson-Duncan anticipated, he would not have a right to withdraw his plea. Robinson-Duncan agreed and did not have any questions. Doc. cr-174 at 21-22.

In concluding the Rule 11 colloquy, the Court asked Robinson-Duncan if he had any questions concerning any of the matters the Court discussed with him or about anything relating to the case which was not discussed. Robinson-Duncan did not. Doc. cr-174 at 32.

Shortly thereafter, Robinson-Duncan entered his guilty plea. Doc. cr-174 at 32. The Court made the following statement:

> I find, Mr. Robinson-Duncan, that you're alert and understanding; that you do understand the nature of the charge, that you understand the possible penalties and that you understand the consequences of pleading guilty. I find there's a factual basis for the plea of guilty, and I find that you're pleading guilty freely and voluntarily with the advice of a lawyer with whom you say you are satisfied. Accordingly, I will recommend that the plea of guilty be accepted.

Doc. cr-174 at 32-33.

Robinson-Duncan knowingly and voluntarily entered his guilty plea. Therefore, Robinson-Duncan's claims are not cognizable on collateral attack.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Robinson-Duncan challenges his conviction on grounds of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

The two-pronged Strickland test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and

in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial. *Upshaw v. United States*, 2008 WL 638261 at *1 (M.D. Fla., Mar. 5, 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Robinson-Duncan alleges his counsel provided ineffective assistance when he allegedly told him he would not receive more than a ten-year sentence by pleading guilty and said he would seek a minor role reduction for Robinson-Duncan. He also claims he did not fully understand his guilty plea because of the "incorrect information" received from counsel. Additionally, Robinson-Duncan believes he is entitled to a three-level reduction in his sentence for acceptance of responsibility. Doc. cv-1 at 4.

First, as demonstrated above, Robinson-Duncan knew and understood before he entered his guilty plea that he faced a potential mandatory sentence of ten years to life imprisonment. Second, counsel did seek a downward departure for minor role at sentencing. However, the Court correctly followed DeVaron[2] and denied his request. Doc. cr-183 at 5-9. Finally, Robinson-Duncan did, in fact, receive a three-level downward departure for his acceptance of responsibility. Doc. cr-183 at 9.

In sum, Robinson-Duncan's counsel did not render constitutionally ineffective assistance with respect to the grounds raised in his motion to vacate. Robinson-Duncan did not suffer any prejudice in any event. Therefore, as Robinson-Duncan has failed to meet both *Strickland* prongs, his claims of receiving ineffective assistance of counsel have no merit.

The Court does not find Robinson-Duncan's arguments in his reply persuasive.

Accordingly, the Court orders:

That Robinson-Duncan's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-1; cr-226) is denied. The Clerk is directed to enter judgment against Robinson-Duncan and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of

---

[2] A determination of a defendant's role in the offense is heavily dependent on the facts of the particular case, USSG §3B1.2, comment. (backg'd.); *United States v. DeVaron*, 175 F.3d 930, 938 (11th Cir. 1999) (en banc), and "[t]he proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence," 175 F.3d at 939. In determining a defendant's role in the offense, a district court must measure the defendant's role against the relevant conduct attributed to him in calculating his base offense level and then may measure the defendant's culpability in comparison to that of the other participants in the relevant conduct. Id. at 939-44.

appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on January 26, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James A. Muench
Reinaldo Rigoberto Robinson-Duncan, pro se